## WAIT v. DAUCHY.

(Supreme Court, Appellate Division, Third Department. December 3, 1902.)

1. PLEADING—BILL OF PARTICULARS—FACTS IN POSSESSION OF ADVERSARY.

In an action by a widow against her husband's administrator for money collected for her use by the deceased while conducting a business for her, she will not be required to furnish a further bill of particulars than the amounts collected each year, where there is no reply to her affidavit, which recited that her husband kept all the accounts, and that defendant's attorneys have possession of the account books, without which she cannot give a further bill.

Appeal from special term, Rensselaer county.

Action by Sarah M. Wait against Henry B. Dauchy, administrator of Josiah H. Wait, deceased. From an order denying defendant's motion for a further bill of particulars, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Shaw, Bailey & Murphy (H. D. Bailey, of counsel), for appellant. Frederick A. Chew, for respondent.

CHASE, J. Plaintiff was the wife of the defendant's testator. This action is brought to recover moneys alleged to have been collected and received by defendant's testator for plaintiff's use while conducting a farm and milk route for her. Plaintiff furnished the defendant with a bill of particulars stating a specific sum as the amount so collected and received each year during the times mentioned in the complaint. Ordinarily, a further bill of particulars ought to be furnished by a plaintiff in such an action. This motion is made on the papers served in the action and an affidavit of the defendant stating sufficient reasons why a further bill of particulars should be ordered by the court. The plaintiff, however, in an affidavit in reply, states that her husband had full control of said farm and milk route; that she never kept any account or memorandum of the receipts and collections made by her husband; that her husband "kept separate and private books of account, containing the items, amounts, time of receipt, persons from whom he received and collected moneys"; that said book or books were, on the night of her husband's death, or on the next night thereafter, removed from his office by one S., his son-in-law, and that they are now in the possession of one of defendant's attorneys; that it will be impossible for her to furnish "all the particulars required by the defendant, unless the defendant is required to produce and deposit in some proper and convenient place the book or books, * * * and permit plaintiff or her attorney, or some suitable person authorized by plaintiff, to make an inspection of said books and papers, and to make extracts of the entries of the collections and receipts therein." Defendant did not offer to produce the books referred to in the plaintiff's affidavit, or serve a reply to her statements in regard to the same. The order denying defendant's motion should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.